WILLIAM H. SMITH, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

Court of Claims — jurisdiction — liability of state for tort or negligence of its officers and agents — statute (Code Civ. Pro. § 264) conferring upon Court of Claims jurisdiction to hear and determine private claims against the state does not create any liability against the state not otherwise authorized by statute or maintainable in law or equity.

1. The state is not liable for injuries arising from the negligence of its officers and agents unless such liability has been assumed by constitutional or legislative enactment. Such exemption does not depend upon its immunity from action without its consent, but rests upon grounds of public policy that no obligation arises therefrom.

2. The respondent entered the State Reservation at Niagara by a cinder path, from which he undertook to pass to the grass adjoining, when he tripped and fell over a wire strung on iron posts twelve or eighteen inches high along the edge of the path, and sustained serious injuries, for which he recovered, before the Court of Claims, a judgment for a substantial amount, on the theory that the wire was negligently placed and maintained by the officers and agents of the state. Section 264 of the Code of Civil Procedure confers upon the Court of Claims jurisdiction to hear and determine a private claim against the state. It provides that in no case shall any liability be implied against the state, and no award shall be made on any claim against the state except upon such legal evidence as would establish liability against an individual or corporation in a court or law or equity. *Held*, that the state does not thereby concede its liability in favor of a claimant or create a cause of action in his favor which did not theretofore exist. It merely gives a remedy to enforce a liability and submits itself to the jurisdiction of the court, subject to its right to interpose any lawful defense. Hence, the claimant cannot recover.

*Smith* v. *State*, 185 App. Div. 918, reversed.

(Argued December 4, 1919; decided January 6, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 6, 1918, affirming an award of the Court of Claims.

The facts, so far as material, are stated in the opinion.

*Charles D. Newton*, Attorney-General (*J. L. Cheney* of counsel), for appellant. The state is not liable for the torts of its agents and employees. (*Sipple* v. *State*, 99 N. Y. 284; *Lewis* v. *State*, 96 N. Y. 71; *Locke* v. *State*, 140 N. Y. 480; *Splittorf* v. *State*, 108 N. Y. 66; *Litchfield* v. *Bond*, 186 N. Y. 66; *Robertson* v. *Sichel*, 127 U. S. 507; *Riddoch* v. *State*, 68 Wash. 329; *Murdock Grate Co.* v. *Commonwealth*, 152 Mass. 28; *Moody* v. *States Prison of North Carolina*, 128 N. C. 12; *Bourn* v. *Hart*, 15 L. R. A. 431; *Burroughs* v. *Commonwealth*, 224 Mass. 28.) The state is not liable because the park was for a governmental purpose, for the benefit of all the people, and not for profit. (*Fire Ins. Co.* v. *Keeseville*, 148 N. Y. 446; *Oaks Mfg. Co.* v. *N. Y.*, 206 N. Y. 221; *Maximilian* v. *Mayor, etc.*, 62 N. Y. 160; *Corbett* v. *St. Vincent's Industrial School*, 177 N. Y. 16; *Hughes* v. *Monroe*, 147 N. Y. 49; *Clark* v. *Waltham*, 128 Mass. 567; *Bisbing* v. *Asbury Park*, 80 N. J. L. 416.) The defense of governmental purpose is not abolished by section 264 of the Code, as held by the Appellate Division. (*Lewis* v. *State*, 96 N. Y. 71; *Barrett* v. *State*, 220 N. Y. 423.)

*John B. Corcoran* for respondent. The state in maintaining the Niagara Reservation as a public park is not performing a governmental function which relieves it from liability for claimant's injuries. (*Gartland* v. *N. Y. Zoological Society*, 135 App. Div. 163; *O'Rourke* v. *Mayor, etc.*, 17 App. Div. 349; *Silverman* v. *City of New York*, 114 N. Y. Supp. 59; *City of Denver* v. *Spencer*, 34 Col. 270; *Weber* v. *Harrisburg*, 216 Penn. St. 117; *Burridge* v. *City of Detroit*, 117 Mich. 557.) The state, by the enactment of section 264 of the Code of Civil Procedure, waived its immunity in claims of this character and consented to have its liability determined the same as a private individual or corporation. (*People ex rel. Swift* v. *Luce*, 204 N. Y. 478; *People ex rel. Palmer* v. *Travis*, 223 N. Y. 150; *Sipple* v. *State*, 99 N. Y. 284; *Burke* v. *State*, 13 Ct. of

Claims Rep. 153; *Remington* v. *State*, 116 App. Div. 522; *Lewis* v. *State*, 96 N. Y. 71; *Arnold* v. *State*, 163 App. Div. 253.)

McLAUGHLIN, J. The state of New York, under chapter 336, Laws of 1883, acquired the property known as the State Reservation at Niagara. It is controlled and managed by the state through a board of five commissioners appointed by the governor. The commissioners are required by statute to pay into the state treasury, on the first day of each month, all receipts and earnings received from the management of the reservation and to make an annual report to the legislature giving a detailed statement of all receipts and expenditures for the preceding year. (Public Lands Law [Cons. Laws, ch. 46], secs. 100–106.) The state derives a small revenue from the reservation, *e. g.*, fares paid on the "inclined railway," the little steamer known as the *Maid of the Mist*, and rental from a street railway company which operates a part of its line on the reservation. The purpose of the reservation is declared by statute. (Public Lands Law, sec. 103.) It is "The state reservation at Niagara shall forever be reserved by the state for the purpose of restoring the scenery of Niagara Falls and preserving it in its natural condition, and kept open and free of access to all mankind without fee, charge or expense to any person for entering upon or passing to or over any part thereof."

The claimant, shortly after eleven o'clock at night on April 25, 1915, entered the park by a cinder path, from which he undertook to pass on to the grass adjoining, when he tripped and fell over a wire strung on iron posts twelve or eighteen inches high along the edge of the path, and sustained serious injuries, for which he recovered, before the Court of Claims, a judgment for a substantial amount, on the theory that the wire was negligently placed and maintained by the officers and agents of the

state. An appeal was taken by the state to the Appellate Division, third department, where the same was affirmed one of the justices dissenting, and it now appeals to this court.

The question presented by the appeal is an important one. It is whether the immunity of the state from liability for the tortious acts of its officers and agents has been waived by section 264 of the Code of Civil Procedure. This section, or so much of it as is material to the determination of the question, reads: " The Court of Claims possesses all of the powers and jurisdiction of the former board of claims. It also has jurisdiction to hear and determine a private claim against the state  *  *  *. In no case shall any liability be implied against the state, and no award shall be made on any claim against the state except upon such legal evidence as would establish liability against an individual or corporation in a court of law or equity."

The rule is well settled that the state is not liable for injuries arising from the negligence of its officers and agents unless such liability has been assumed by constitutional or legislative enactment. (*Locke* v. *State of N. Y.*, 140 N. Y. 480; *Sipple* v. *State of N. Y.*, 99 N. Y. 284.) This court, in *Litchfield* v. *Bond* (186 N. Y. 66, 83), declared the general rule, and in doing so said: " The cases which are sometimes referred to as exceptions to this general rule are not exceptions at all, for they do not fall within the rule. When a state, by express enactment of statutes, assumes responsibility for such torts of its officers and agents as are not affected or controlled by the fundamental law, it makes a new rule for itself. Instances of that kind are to be found in *Sipple* v. *State of N. Y.* (99 N. Y. 284), where the legislature enacted a statute making the state liable for the negligent operation of its canal locks, upon proof that would create a legal liability against an individual or a private corporation, and in *Woodman* v. *State of N. Y.* (127 N. Y. 397), where

negligence in the maintenance of a defective canal bridge was attributed to the state under a similar statute."

The exemption of the state from liability for the torts of its officers and agents does not depend upon its immunity from action without its consent, but rests upon grounds of public policy that no obligation arises therefrom. (*Burroughs* v. *Commonwealth*, 224 Mass. 28; *Murdock Parlor Grate Co.* v. *Commonwealth*, 152 Mass. 28; *Riddoch* v. *State*, 68 Wash. 329; *Davis* v. *State*, 30 Idaho, 137.)

It is contended by the respondent, and he has been sustained by the Court of Claims and Appellate Division, that the state has assumed this obligation by the enactment of the section of the Code of Civil Procedure to which reference has been made. I am of the opinion the section does not bear such construction. It was not enacted, as it seems to me, for the purpose of extending or enlarging the liability of the state, but solely for the purpose of declaring the jurisdiction of the Court of Claims, before which questions of liability might be tried.

It is true, as urged, that the section confers upon the Court of Claims jurisdiction of the broadest character. The state, under the terms of the section, must be treated as having waived its immunity against actions as to all private claims. (*People ex rel. Swift* v. *Luce*, 204 N. Y. 478; *People ex rel. Palmer* v. *Travis*, 223 N. Y. 150.) But it is thoroughly established that by consenting to be sued, the state waives its immunity from action and nothing more. It does not thereby concede its liability in favor of the claimant or create a cause of action in his favor which did not theretofore exist. It merely gives a remedy to enforce a liability and submits itself to the jurisdiction of the court, subject to its right to interpose any lawful defense. (*Roberts* v. *State of N. Y.*, 160 N. Y. 217.) Immunity from an action is one thing. Immunity from liability for the torts of its officers and

agents is another. Immunity from such liability may be waived by some positive enactment of the legislature. This, as I read the section of the Code under consideration, the legislature has not yet done.

Statutes in derogation of the sovereignty of a state must be strictly construed and a waiver of immunity from liability must be clearly expressed. (*Litchfield* v. *Bond,* *supra.*) There certainly is not in the section an express waiver of the state's immunity from liability for the tortious acts of its officers and agents and the words used will not, in my opinion, permit of such construction. But it is suggested that jurisdiction to hear a private claim for damages, growing out of the negligence of its officers and agents, necessarily implies that the state has waived its immunity for liability therefor. The answer to the suggestion is that the section itself precludes any implication of such waiver in the declaration that "in no case shall any liability be implied against the state." The liability of the state has not been enlarged and it is not true that whenever an individual is liable for a certain act the state is liable for the same act. (*Barrett* v. *State,* 220 N. Y. 423.) The immunity of the state from liability for the torts of its agents is based, as I have already indicated, upon the broad ground of public policy and it is not waived by a statute conferring jurisdiction only. In the absence of a legislative enactment specifically waiving this immunity, the state cannot be subjected to a liability therefor.

For the foregoing reasons I am of the opinion the judgment of the Appellate Division and determination of the Court of Claims should be reversed and the claim dismissed, with costs in all courts.

HISCOCK, Ch. J., CHASE, COLLIN and ANDREWS, JJ., concur; HOGAN and CRANE, JJ., dissent.

- Judgment reversed, etc.