LOUIS KAHN, Claimant, *v.* THE STATE OF NEW YORK.

## Claim No. 16628.

(Court of Claims, December, 1921.)

Torts — claims against state — Court of Claims — jurisdiction — damages — prison inmate — immunity of state from liability for torts of its agents is not relinquished by a statute waiving notice of claim — Laws of 1920, chap. 726.

Claimant, an inmate of Clinton prison, while at work in the weave shop was injured by being caught in a moving pulley on which he was attempting to adjust a belt under the direction of the person in charge. *Held,* that while by the statute (Laws of 1920, chap. 726) conferring jurisdiction only upon the Court of Claims to hear and determine the claim for damages, the state had clearly waived its immunity from suit and the

due filing of a notice of intention, this was not in and of itself sufficient to substantiate the claim in view of the expressed declaration of the statute that facts establishing liability on the part of the state must be proved as a condition precedent to the making of an award.

Claim dismissed for failure to state facts sufficient to constitute a cause of action.

MOTION to dismiss claim upon the ground that the claim does not state facts sufficient to constitute a cause of action.

Porter L. Merriman, deputy attorney-general, for the motion.

J. John Schulman (Louis Silberman, of counsel), for the claimant in opposition.

CORWIN, J. This claim is filed pursuant to chapter 726 of the Laws of 1920 and is for injuries suffered by the claimant while an inmate of the Clinton prison, alleged to be the result of the negligent acts of an agent and employee of the state and without contributory negligence on the part of the claimant.

That the state is immune from liability for injuries arising from the negligence of its officers and agents, in the absence of constitutional or legislative enactment assuming such liability, is well settled. *Smith* v. *State of New York,* 227 N. Y. 405; *Lewis* v. *State of New York,* 96 id. 71; *Sipple* v. *State of New York,* 99 id. 284.

It is urged in behalf of the claimant, however, that by the enabling act above referred to and which is pleaded in the claim, the state assumed liability. The language of the act, so far as is material, is as follows: " Jurisdiction is hereby conferred upon the court of claims to hear, audit and determine the

alleged claim of Louis Kahn against the State alleged
to have been sustained by him by reason of the negli-
gence of the State and its employees while confined in
Clinton Prison on the fourteenth day of February,
nineteen hundred and nineteen; and while at work in
the weave shop in attempting to adjust a belt on a
moving pulley under the direction of the person in
charge, and being caught therein and permanently
injured, causing the amputation of the left arm above
the elbow; which such injury was caused solely by
reason of the negligence of the State and its
employees, and not through any contributory care-
lessness or negligence on the part of the claimant.
The State hereby consents to have its liability in
such claim determined, notwithstanding the failure of
the claimant to file notice of intention to file such
claim within the time limited by law therefor, pro-
vided the claim be filed with the court of claims
within six months after this act takes effect. If facts
establishing liability on the part of the State be
proven to the satisfaction of the court, and the court
deem it just and equitable that the claimant should
be compensated by the State for such injuries it may
determine the extent of such injuries and allow such
claim in such sum as is deemed just and reasonable
and render judgment therefor against the State.''

By this act the state clearly waived its immunity
from suit and waived the due filing of a notice of
intention; but this is not in itself sufficient. '' The
immunity of the state from liability for the torts of
its agents is based upon the broad ground of public
policy and it is not waived by a statute conferring
jurisdiction only. In the absence of a legislative
enactment specifically waiving this immunity, the
state cannot be subjected to a liability therefor.''
*Smith* v. *State, supra.* The state by the act in ques-

tion not only failed to assume liability under the facts stated, but expressly provided that facts establishing liability on the part of the state must be proved as a condition precedent to the making of an award.

To enable the claimant to recover, the legislature must in effect create a new cause of action in his favor based upon the facts recited in the statute. *Litchfield* v. *Bond,* 186 N. Y. 66, 83. That the legislature may do this without exceeding its constitutional limitations is indisputable. *Munro* v. *State of New York,* 223 N. Y. 208; *Babcock* v. *State of New York,* 190 App. Div. 147. That it has not done so seems equally clear.

The claim must be dismissed.

ACKERSON, P. J., and SMITH, J., concur.

Claim dismissed.