CHARLES RAGONE, Claimant, *v*. STATE OF NEW YORK, Defendant.[1]
Claim No. 17472.

Court of Claims, March 29, 1924.

**Canals — state employee working on Barge canal negligently permitted motor truck to collide with building not on canal lands — state liable for actual damages under Canal Law, § 47 — state not liable for goods subsequently taken from building.**

The state is liable under section 47 of the Canal Law for actual damages caused by the collision of a motor truck with a building not on canal lands, caused by the negligence of a state employee working on the Barge canal.

The state is not liable, however, for the loss of merchandise alleged to have been stolen from the building after the damage thereto, for it appears that before anybody had an opportunity to enter the building and carry away any of its contents the canal employees had closed the opening made therein, making the building apparently as safe from burglary as before the accident.

CLAIM for loss of merchandise.

*James F. Martin*, for the claimant.

*Carl Sherman*, attorney-general (*Milton E. Gibbs*, of counsel), for the State of New York.

ACKERSON, P. J. In 1922 the above-named claimant owned a small square building situated on land which he leased from the

---

[1] Affirmed, 211 App. Div. ——.

New York Central and Hudson River Railroad Company in the city of Buffalo. The property on which said building was located was on Porter avenue near the tracks of said railroad company and was open to the street. Said claimant used the above-mentioned building in the summer months for the purpose of conducting a fruit, confectionery, cigar and soft-drink stand. The claimant closed the said stand for the season in October, 1922. On November twelfth following he entered the said building and made an inventory of the goods and property therein which amounted to $401.50, the same being the cost price and reasonable value thereof. After making such inventory the claimant securely locked the doors and entrances to said building and departed from the premises.

Thereafter and on November 13, 1922, Henry Dahles was employed by the state of New York in the department of public works. As such employee he was engaged in working on the Barge canal under the supervision of Richard Humphrey, the assistant division superintendent of said canal located in the said city of Buffalo. On the said day in question the said Dahles was engaged in driving a motor truck belonging to the state of New York in and about the streets of said city of Buffalo performing work in connection with said canal under the direction and supervision of said assistant division superintendent. While engaged in such employment by the state said Dahles carelessly and negligently permitted said truck to run into and collide with said building of the claimant. As a result of such collision said building was moved several inches on its foundation; the corner of said building was broken and a large hole made therein and the concrete floor near the point of impact was broken. It is conceded that the jar to the building caused by the collision was the cause of breaking dishes, bottles, etc., to the value of forty-nine dollars.

It appears that at the time of the accident the said Dahles, who was driving the truck, was intoxicated, and that he had been under the influence of intoxicating liquors while in the performance of his duties on several prior occasions, to the knowledge of said assistant division superintendent by whom he was employed in the said work of the state; that said collision occurred about two-forty-five o'clock in the afternoon of said November 13, 1922; that the matter was immediately reported to the canal yard nearby and in less than two hours canal employees had appeared on the scene with boards and nails and securely closed up the hole in the building made by the collision. In the meantime nobody had entered the building.

About three weeks later state employees repaired the building

and put it back practically in the same condition as it was before the accident, except that they did not repair the broken concrete floor. Whether this floor was afterwards repaired or not, or what the expense of repairing it amounted to, is not disclosed by the evidence.

The claimant did not learn that his building had been injured until November 25, 1922, when he visited the same. He could not open the doors thereof, and finally gained entrance by crawling up through a hole in the ground under the boards which had been nailed on when the same was temporarily repaired. Upon entering the building he found that all the stock of merchandise which he had left therein and which he had inventoried on November twelfth preceding had disappeared.

Thereupon claimant filed the claim against the state now before us, contending that the state is liable for all the loss he has suffered.

The first and most important question before us is whether the damages suffered by this claimant are such damages as are referred to and included in section 47 of the Canal Law. That section reads in part as follows:

" There shall be allowed and paid to every person sustaining damages from the canals or from their use or management, or resulting or arising from the neglect or conduct of any officer of the state having charge thereof, or *resulting or arising from any accident, or other matter or thing connected with the canals*, the amount of such damages to be ascertained and determined by the proper action or proceedings before the court of claims. * * * "

The above language of the act it seems to us is broad enough to include the damages suffered in such a case as the one before us.

There is nothing therein to indicate that the damages must be suffered on the physical canal property or canal land itself. Under the liberal construction placed upon the language of the statute by the Court of Appeals in the case of *Sipple* v. *State*, 99 N. Y. 284, it is plain to us that the state is just as liable for the damage inflicted upon the property of others by this negligent and careless truck driver off from state property as on it. The only prerequisite to a recovery after establishing the negligence and the damage under this section of the Canal Law is to show that the agency which caused the damage was " connected with the canals." As there is no dispute about that fact in this case the liability of the state for damages seems to be satisfactorily established.

We now reach the second question in the case, which is, what are the damages for which the state is liable?

*First,* there was the damage to the building itself which the

state has already met by repairing the building. These repairs were evidently satisfactory to the claimant because he makes no claim for damages to the building. *Second,* there was forty-nine dollars worth of dishes, bottles, etc., which were broken as the direct result of the collision when the motor truck ran into the building. For this damage it seems to us the claimant should be compensated. *Third,* there was merchandise of the value of $352.50 that was stolen from the building apparently after the accident. For this also the claimant contends that he should be paid by the state. It is not claimed or suggested that the state employees stole this property but the claimant contends that the damage to the building induced and made the burglary and larceny possible. With this contention we are unable to agree. It is true that the truck made a hole in the side of the building. But it happened in the middle of the afternoon and before anybody had an opportunity to enter the building and carry away any of its contents the canal employees had boarded up the aperture. They had nailed the boards on securely right down to the ground when the building apparently was as safe from burglary as before the accident happened.

We cannot hold that the injury to the building was the proximate cause of the burglary or that the larceny was the reasonable and natural result thereof. We believe the law has been correctly stated in volume 1 of Sutherland on Damages (4th ed.), section 41, as follows: " If the injury inflicted is not the reasonable and natural result of a wrongful act of the defendant, but was caused by such act of a third person, though it was remotely induced by defendant's conduct, he is not liable. \* \* \* If there intervenes between the defendant's act or omission a wilful, malicious and criminal act committed by a third person, which act defendant had no reason to apprehend, the connection between the original wrong and the result is broken."

This principle seems to be very clearly elucidated in the opinion of Mr. Justice Putnam in the case of *Mars* v. *Delaware & Hudson Canal Company,* 54 Hun, 625, 629, as follows: " Wharton says: ' Supposing that if it had not been for the intervention of a responsible third party, the defendant's negligence would have produced no damage to the plaintiff. Is the defendant liable to the plaintiff? This question must be answered in the negative, for the general reason that causal connection between negligence and damage is broken by the interposition of independent responsible human action.' (Wharton's Law of Negligence, sec. 134.) The negligent act which is the proximate cause of the injury is an act which naturally and probably would produce it. (*Kerrigan* v. *Hart,* 40 Hun,

390, 391; *Williams Case, supra; Ryan* v. *N. Y. C. R. R. Co.,* 35 N. Y. 210; *Lowery* v. *Manhattan Ry. Co.,* 99 id. 158; *Pollett* v. *Long,* 56 id. 200; *Hofnagle* v. *N. Y. C. & H. R. R. R. Co.,* 55 id. 608.) That is, where the negligent act is the cause of the injury and where there is no intervening agency affecting or changing the operation of the primal cause. (*Reiper* v. *Nichols,* 31 Hun, 495.)

"The injury to plaintiff, for which this action is brought, was not caused by the neglect of the defendant in leaving its car on the track. The injury was not the natural or ordinary result of such an act. It could not have been foreseen. Between the alleged negligence of defendant and the accident intervened a willful, malicious and criminal act of a third person, which caused the injury and broke the connection between defendant's negligence and the accident. In fact, some person stole defendant's engine and sent it flying up the track, and this wicked criminal act was the cause of the injury to the plaintiff, and defendant's act in leaving the engine where the criminal could start it was in no sense the proximate cause of the injury, or an act which ordinarily or naturally could have produced it." Also see *Klein* v. *Equitable Gas Light Co.,* 13 N. Y. St. Repr. 736.

We conclude, therefore, that section 47 of the Canal Law refers to damages sustained by reason of the negligence of canal employees while engaged in the work of the canals anywhere in the state.

It follows, therefore, that the claimant herein is entitled to an award for the actual damages he suffered by reason of the collision of the motor truck with his building, which amounts to forty-nine dollars.

We further conclude, however, that the loss of merchandise which he sustained by reason of his building being burglarized, while a very serious and lamentable matter for him, is something which the state is in no way responsible for and for which it cannot be compelled to respond in damages.

The learned deputy attorney-general who represented the state on the trial of this claim contends in his brief: "That there has never been a recovery by any claimant against the State in any action under section 47 of the Canal Law when the question has been raised unless the injury was actually sustained on the physical canal property or canal land itself." This may be true. But the attorney-general must have examined this question before and reached the conclusion which this court here announces. We are of this opinion because on March 24, 1921, this court in the case of *Weber* v. *State,* Claim No. 16092, made an award in favor of the claimant for damages he sustained by being hit by a motor truck which was owned, operated and driven by a canal employee

of the state of New York while engaged in the business of the state in connection with its canal system. This accident occurred on a public street of the city of Rochester some distance from the canal and solely because of the negligence of the canal employee driving the truck. There was no special act of the legislature authorizing and empowering this court to hear that case and make an award if certain facts were established. The case of *Smith* v. *State*, 227 N. Y. 405, holding that the state was not liable for injuries arising from the negligence of its officers and agents unless such liability had been assumed by constitutional or legislative enactment, had been decided more than a year previous to our decision in the *Weber* case. The only theory, therefore, upon which the state could be held liable in the *Weber* case was that it came within section 47 of the Canal Law.

Evidently the attorney-general had some doubt about this proposition for he took an appeal to the Appellate Division, fourth department. Later and on May 19, 1921, his doubts seem to have been dissipated for on that day he signed a stipulation consenting to the dismissal of the appeal in that case and the order dismissing such appeal was duly entered the next day. While the learned deputy attorney-general may be right, therefore, in saying that the question here involved was not raised on the trial of the *Weber* case, yet presumably it must have been considered and passed upon by his office before the stipulation was entered into consenting to the dismissal of the appeal in that case.

WEBB, J., concurs.

Judgment accordingly.

