CHARLES RAGONE, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

Fourth Department, January 7, 1925.

**State — claim for injury to building and contents caused by State motor truck, operated by State employee, running into building — motor truck was used in work connected with canals — building was near canal lands — claimant may recover under Canal Law, § 47.**

The owner of a building, situated near canal lands, may recover under section 47 of the Canal Law for injuries to the building and its contents, where it appears that the damage was caused by a State motor truck, which was used in connection with the canals and operated by a State employee, running into the building.

HUBBS, P. J., and SEARS, J., dissent, with opinion.

APPEAL by the defendant, The State of New York, from a judgment of the Court of Claims in favor of the claimant, entered in the office of the clerk of said court on the 7th day of April, 1924, making an award to claimant.

*Carl Sherman, Attorney-General [W. J. Wetherbee* of counsel], for the appellant.

*James F. Martin,* for the respondent.

CLARK, J.:

Claimant is the owner of a small building on Porter avenue in the city of Buffalo. On the 13th day of November, 1922, he had stored in this building certain goods, wares and merchandise consisting of cigars, cigarettes, tobacco, soft drinks, etc., of the value of $401.50.

On said 13th day of November, 1922, a motor truck belonging to the State of New York, and engaged in work connected with the canals, and driven by one of the employees of the State, as found by the Court of Claims (123 Misc. 48), ran into claimant's building and damaged it and some of his personal property stored there.

The accident did not occur on canal lands, but the court found that it was " a short distance from New York State canal terminal property."

Section 47 of the Canal Law (as amd. by Laws of 1915, chap. 494) provides in part as follows: " There shall be allowed and paid to every person sustaining damages from the canals or from their use or management, or resulting or arising from the neglect or conduct of any officer of the State having charge thereof, or resulting or arising from any accident, or other matter or thing connected with the canals, the amount of such damages to be ascertained and

determined by the proper action or proceedings before the Court of Claims; but no judgment shall be awarded by such court for any such damages in any case unless the facts proved therein make out a case which would create a legal liability against the State, were the same established in evidence in a court of justice against an individual or corporation; * * *."

It will be noticed that section 47 of the Canal Law, as above quoted, permits recovery of damages from the State which have resulted, *first,* from use or management of canals; or, *second,* from neglect or conduct of any officer of the State having charge of the canals; or, *third,* from any accident or other matter or thing connected with the canals. I think this section of the Canal Law sufficiently broad to establish the State's liability under the facts in this case.

Counsel for the State urges that it is not liable because claimant's damages did not arise or result " from any accident, or other matter or thing connected with the canals."

The Court of Claims found that at the time of the accident the operator of the truck in question was an employee of the State in the Canal Department, and was driving a motor truck belonging to the State, and engaged in work connected with the canals, and that while so employed the employee carelessly and negligently caused said motor truck to be driven into and against claimant's building, causing the damages complained of, for which the award was made.

I think the evidence fairly supports these findings.

The evidence is undisputed that the driver of this truck had been engaged in that work previously and " going to the canal yard with lumber and cinders."

Sometime previously complaint had been made to the Assistant Division Superintendent of Canals at Buffalo with reference to the conduct of this same driver and that official knew that he was a drinking man, but he was kept in State employ for a considerable period after that and up to the time of the accident.

The evidence shows that this truck driver was employed by the State and was on the canal division the day of the accident, and his duties were to drive a truck.

After he hit claimant's building on his return to the canal yard he reported to his superior officer, the foreman of the canal yard, the fact of the accident, and employees of the State were immediately sent to claimant's building with lumber and materials and made temporary repairs.

From these facts and other facts disclosed in the record, the Court of Claims was justified in finding that at the time of the

accident the driver of this truck was a State employee and engaged in canal work.

While the driver of the truck was not an officer of the State in the sense that that word is ordinarily understood, and having charge of the canal work at Buffalo, still it has been held that the words " officer of the State having charge thereof " in section 1 of chapter 321 of the Laws of 1870, an antecedent of section 47 of the Canal Law, were merely descriptive and were intended to " embrace all those persons in the employ of the State intrusted with the performance of duties relating to the canals, and from a neglect or omission to perform which damages might occur to individuals." (*Sipple* v. *State,* 99 N. Y. 284.)

The Court of Appeals held further in that same case that " the act [antecedent of Canal Law] is broad and comprehensive in its language, and should be construed in the spirit which inspired its enactment."

If an action had been brought by plaintiff for these damages against an individual or a corporation, charging that a servant in charge of a truck of the employer had negligently driven the truck into plaintiff's building to his damage, there can be no question that the facts, if established, would create a legal liability. Under similar circumstances there is a like liability against the State by the express provisions of section 47 of the Canal Law.

The judgment should be affirmed, with costs.

TAYLOR, J., concurs; CROUCH, J., concurs in a separate memorandum; HUBBS, P. J., and SEARS, J., dissent in an opinion by HUBBS, P. J.

CROUCH, J. (concurring):

It has been said that the statute which is now section 47 of the Canal Law was intended to afford a substantial remedy to parties who might be injured by the careless and negligent conduct of those who were intrusted by the State with the execution of its work. (*Sipple* v. *State,* 99 N. Y. 284.) Upon the evidence here a *prima facie* case was made showing that an employee of the State while engaged in its work in connection with the canal (*Norris* v. *Kohler,* 41 N. Y. 42, 44; *Ferris* v. *Sterling,* 214 id. 249, 253) negligently injured the property of the claimant. (*Griffen* v. *Manice,* 166 N. Y. 188.)

Within the intent of the statute that is sufficient.

HUBBS, P. J. (dissenting):

A driver of a truck owned by the State and used by it in work upon the canal negligently damaged the plaintiff's property. At the time the truck was not upon State land, but was returning

from a trip made on the business of the State. The State has been held liable under the provisions of section 47 of the Canal Law (as amd. by Laws of 1915, chap. 494), which reads: " There shall be allowed and paid to every person sustaining damages from the canals or from their use or management, or resulting or arising from the neglect or conduct of any officer of the State having charge thereof, or resulting or arising from any accident, or other matter or thing connected with the canals, the amount of such damages to be ascertained and determined by the proper action or proceedings before the Court of Claims; but no judgment shall be awarded by such court for any such damages in any case unless the facts proved therein make out a case which would create a legal liability against the State, were the same established in evidence in a court of justice against an individual or corporation;  \*  \*  \*."

In the opinion of the Court of Claims (123 Misc. 48) the liability of the State is based upon the ground that the accident arose from " other matter or thing connected with the canals." It seems to me that a fair reading of the section demonstrates that the words quoted do not justify the holding. To me it seems clear that those words refer to matters or things directly connected with the canals, things in the nature of fixtures, machinery and appurtenances.

The Court of Claims found, however, that the driver of the truck was an unfit person to retain in that position, because on various occasions he had been intoxicated while on duty to the knowledge of the Assistant Division Superintendent, his superior in charge of the work. If the award is to be sustained it must be upon the ground that the Assistant Division Superintendent was negligent in retaining an unfit employee, one who had, to his knowledge, been intoxicated on previous occasions while driving the truck. It can be argued with some plausibility that the negligence of the Assistant Superintendent came within the wording of the section, " resulting or arising from the neglect or conduct of any officer of the State having charge " and that " the facts proved therein make out a case which would create a legal liability  \*  \*  \* were the same established in evidence in a court of justice against an individual or corporation." I do not think the section is susceptible of either construction suggested.

The State is not liable for the neglect of its officers or employees unless made so by express provision of statute, and a waiver of immunity from liability must be clearly expressed  (*Smith* v. *State,* 227 N. Y. 405.) I find nothing in the decision of *Sipple* v. *State* (99 N. Y. 284) to the contrary.

Primarily the section gives a cause of action to any person suffering

damages "from the canals or from their use or management." Then follow the two clauses in question — the negligence of an officer and damages "resulting or arising from any accident, or other matter or thing connected with the canals." Those clauses refer to damages arising "from the canals or from their use or management."

To hold that the doctrine of *respondeat superior* applies, so that the State is liable for the negligence of an employee outside of the canals or their use and management is not justified by the wording of the section. Section 47 of the Canal Law reads practically the same as section 1 of chapter 321 of the Laws of 1870, one of its antecedents. Since the enactment of that statute there has not been a single case reported where an attempt was made to make the State liable on a claim of this kind.

"That the defendant is not liable in this action may also be strongly argued, from the circumstance that no such action as the present has ever been sustained in any of the courts of this country, although the occasion for it has been frequent and pressing." (*Ryan* v. *New York Central R. R. Co.*, 35 N. Y. 210.) The novelty of a particular action or defense, where the facts upon which it is founded are of common occurrence, is a strong argument that it cannot be upheld. (*Costigan* v. *Mohawk & Hudson R. R. Co.*, 2 Den. 609.)

There is no other provision of statute making the State liable for negligent acts of State employees under similar circumstances, although the reason for so doing is as cogent as in the case at bar.

I advise that the judgment be reversed and the claim dismissed, with costs.

SEARS, J., concurs.

Judgment affirmed, with costs.