E. LAWRENCE LEVIN, Plaintiff, *v.* ELETO REALTY CORPORATION, Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, November 1, 1935.

*E. Lawrence Levin*, for the plaintiff.

*Miller & Caniell* [*Joseph R. Miller* of counsel], for the defendant.

GARSIDE, J. Plaintiff as tenant rented an apartment in New York city from defendant as landlord. Prior to the execution and delivery of the lease in writing, plaintiff called to defendant's attention an apparently serious defect in the lock of the entrance door. This defendant promised to rectify by the installation of a new lock. Another lock was shortly thereafter substituted for the then existing lock, but not a new one. This lock began to cause inconvenience to the tenant shortly after he entered into possession. From time to time it jammed and the superintendent of the building repeatedly promised to install a new one. Some months later the tenant was unable to gain admission to his apartment late at night and the superintendent of the building found it necessary to remove a panel from the door by force in order to gain entrance. The panel was left in an unsafe condition and the lock remained unchanged. Three months later it was again necessary to remove the same panel from the door in order to gain admission to plaintiff's apartment. Plaintiff testified, corroborated by his wife, that after this event the lock remained unchanged and the panel

remained in a loose and unsafe condition permitting of easy removal. There were further promises on the part of defendant's agent to repair it. The repairs were not made, however, and several months later, when plaintiff and his wife returned home late in the evening, they found the panel in question torn off, that the apartment had been entered and articles valued at approximately $200 stolen. Plaintiff sued for recovery of the loss, claiming that the negligence of the landlord was the direct and proximate cause of the damage sustained. The facts were for the most part uncontroverted, and the trial court found as matters of fact that damages were sustained, that defendant was negligent, that defendant's negligence was the direct and proximate cause of the damages sustained, and that as a matter of law plaintiff was entitled to judgment for the full amount demanded in the complaint.

Defendant now moves to vacate the decision and the judgment and for a new trial on the ground that the court erred as a matter of law in permitting plaintiff to recover. For purposes of this motion all of plaintiff's evidence is deemed uncontroverted. Defendant contends that notwithstanding what the court deems to have been gross and persistent negligence on the part of defendant the plaintiff cannot recover because of intervening felonious acts of one or more third parties in perpetrating the burglary in question.

Defendant relies principally upon the cases of *Ragone* v. *State* (123 Misc. 48) and *Saugerties Bank* v. *Delaware & Hudson Co.* (236 N. Y. 425). The court holds that both are distinguishable. In *Ragone* v. *State* (*supra*) the case was brought in the Court of Claims by a person claiming that damage to his building by reason of the negligence of a State employee was the proximate cause of a theft of merchandise therefrom. Although counsel for plaintiff cites an affirmance by the Appellate Division, Fourth Department (211 App. Div. 573), a reading of this case makes it obvious that the appeal concerned another and different cause of action, was in fact an appeal by the State from an affirmative judgment of the Court of Claims, and has nothing whatsoever to do with the question at bar. The case is distinguishable on the facts. The court correctly stated the law and correctly applied it to the facts as found. There, as here, the court was judge of both law and fact. The court emphasized the promptness with which the State repaired the damages to the building, temporary repairs having been made within two hours and definitive repairs having been made three weeks later. The court having found as a fact that employees of the State had " nailed the boards on securely right down to the ground when the building apparently was as safe from burglary as before the accident happened," proceeded to hold as a matter of

law that the accident was not the proximate cause of the injury. It is noteworthy that the claimant did not appeal from this adverse decision but that the appeal was by the State from a decision adverse to it on another cause of action. One may certainly distinguish between diligent effort to repair damage as illustrated by *Ragone* v. *State* (*supra*) and the persistent negligence to repair which characterizes the case at bar.

In *Saugerties Bank* v. *Delaware & Hudson Co.* (*supra*) the Court of Appeals by a divided court laid down what appears to be the law on the question before us. Although three of the learned judges (ANDREWS, CARDOZO and CRANE, JJ.) dissented, the majority opinion, written by HISCOCK, Ch. J., must be accepted as the law of this State. The court (in the majority opinion) remarked that proximate cause is " ordinarily * * * to be determined as a question of fact " and that the court below had found that the act complained of was not the proximate cause. The court thereupon proceeded to correctly state the law with respect to proximate cause and emphasized that the " act of a party sought to be charged is not to be regarded as a proximate cause unless it is in clear sequence with the result and unless it could have been reasonably anticipated that the consequences complained of would result from the alleged wrongful act." This is unassailable. In the *Saugerties Bank* case the court below found that the act in question was not the proximate cause and the Court of Appeals in effect held this to be a reasonable finding. In the case at bar this court held that the negligence of the defendant was the proximate cause; that the burglary not only could have been reasonably anticipated but ought to have been anticipated by a reasonable man.

The burglary herein may be said to have been a reasonable and natural result of the wrongful act of the defendant. The injury was not remotely induced but was in fact directly induced by defendant's conduct. The criminal act intervening should in reason have been apprehended by the defendant. The landlord was notified over and over again of the dangerous condition and the landlord persisted in its failure or refusal to repair the same. Whereas in other or smaller communities such conduct might be less blameworthy, in New York city a landlord must have known that such a condition in the entrance door to an apartment was an invitation to unlawful entry and likely to produce exactly the result which it in fact did produce. The difficulties of policing a city of such proportions and of such a heterogeneous population as New York are well known. In consequence the law should and, in the opinion of this court, does impose upon a landlord at least a minimum of duty to exercise care to protect a tenant from unlawful

entry. The court holds that the defendant in the case at bar was guilty of gross negligence; that its persistent failure to repair the damaged door and lock was the direct and proximate cause of the unlawful entry; and that the negligence cannot be said to have been remote in its causal relationship.

The court, therefore, holds that its decision should be adhered to and the motion to vacate the decision and judgment and for a new trial is denied, with ten dollars costs.