Dorothea E. Donaldson, J.
This is a claim for damages for personal injuries suffered by a National guardsman while undertaking directed and authorized unit training at Fort Dix, *261 New Jersey, a facility of the United States Department of Defense. On July 23, 1960 units of the 71st Regiment, 42nd Division, of the New York National Guard set out by truck from an armory in New York City for a week-end training session at Fort Dix. The truck in which claimant was riding arrived at a motor pool area at the installation sometime around midday. The troops dismounted and were given a 10-minute ‘ ‘ break ’ ’. Claimant sought out a tree and fell asleep thereunder, shortly to be awakened by a mortar falling upon his face. Claimant alleged in his pleadings that the mortar, a military weapon weighing approximately 50 pounds, had been negligently placed against a tree by fellow soldiers. However, the exact manner in which the mishap occurred did not appear on trial. Claimant, the sole witness, testified that he was taken by ambulance to the post hospital, admitted and treated, kept for two days, and released. He subsequently obtained treatment from his own physician. Other than what may be inferred from claimant’s own testimony, no evidence has been submitted with respect to the nature, extent or permanence of his injuries, loss of wages or the expenses incurred in medical treatment and convalescence. The court observed that claimant suffered a fractured nose with some resulting cosmetic defects and, possibly permanent, impairment of breathing.
Prior to trial, claimant submitted a “ Notice to Admit Truth of Facts ” in accordance with CPLR 3123, which request was refused by the State on the grounds that such admission required an order of the court under 3102 (f).
The court concludes that neither an adjudication of the degree and extent of the claimant’s injuries nor a determination of the State’s liabilities under the disclosure provisions of the CPLR need be made for the reason that the claimant’s cause of action fails for lack of jurisdiction in the Court of Claims.
Section 8-a of the Court of Claims Act provides, in part, for a waiver of immunity by the State for torts committed by members of the militia in the “ operation, maintenance and control of armories devoted to the use of the organized militia of the state, while acting within the scope and in the performance of their duties in the military service of the state ”. The claimant contends that Fort Dix may be considered to be an armory within the scope of the provisions of section 175 of the Military Law, although the definition therein applies only for the purposes of said article. Furthermore, said section requires an armory to be designated as such by the Chief of Staff to the Governor of the State of New York. There is no proof in the record that Fort Dix was so designated. It has *262 long been established that “ Statutes in derogation of the sovereignty of a state must be strictly construed and a waiver of immunity from liability must be clearly expressed.” (Smith v. State of New York, 227 N. Y. 405, 410.)
Furthermore, the claimant is met with another limitation. Section 8-a of the Court of Claims Act further provides that “ [n] othing herein contained shall be construed to effect a waiver of immunity from liability and action or an assumption of liability with respect to the claim of any person in, or formerly in, the military service of the state, arising out of or in connection with such person’s military service on behalf of the state; nor shall anything herein contained be construed to affect, alter or repeal any provision of the military law or the workmen’s compensation law.”
It seems clear that the legislative intent expressed herein is to bar absolutely any liability on the part of the State for injuries received by members of its militia while performing any lawfully ordered duty except as provided in the Military Law (§ 216 et seq.).
Cunningham v. State of New York (18 Misc 2d 367, revd. 10 A D 2d 751, affd. 11 N Y 2d 808), cited by claimant, is not in point since, there, jurisdiction was specifically conferred by an enabling act.
It is, therefore, determined that the Court of Claims has no jurisdiction in the present action. The State’s motion to dismiss, made at the outset of the trial and renewed at the conclusion of the claimant’s case, is granted.
The claim must be and hereby is dismissed.