JOHN ROBERTS, Appellant, v. THE STATE OF NEW YORK, Respondent.

1. CRIMES — PARDON NOT RETROACTIVE. A pardon and restoration to the rights of citizenship have no retroactive effect upon a judgment of conviction remaining unreversed and not set aside; and have no operation upon the portion of the sentence already executed.

2. PARDON NOT REMEDY FOR ERRONEOUS JUDGMENT OF CONVICTION. The granting of a pardon is not a matter of right, but of grace; and if the judgment of conviction was erroneous, the remedy is by appeal or by application to set it aside, and not by pardon, as the question is for the judicial branch of the state government, and not for the legislative or executive department.

3. ACT AUTHORIZING BOARD OF CLAIMS TO ENTERTAIN CLAIM FOR DAMAGES BY PARDONED CONVICT — DEFEAT OF CLAIM BY PROOF OF PROPER CONVICTION. Under chapter 342 of the Laws of 1895, which authorized a certain person, who had been pardoned after having served a portion of a sentence of imprisonment, to present a claim to the Board of Claims for damages sustained by reason of his conviction and imprisonment, and then authorized the board to hear and pass upon the claim, and award such compensation as should appear just and reasonable, it was the duty of the board to dismiss the proceeding, for the reason that no valid claim had been made out, when it appeared by the introduction of the evidence on which the claimant was convicted, and the judgment of conviction, that the conviction was proper.

4. LIABILITY OF STATE NOT CONCEDED BY STATUTE. The legislature, by the statute authorizing the presentation of the claim, intended to sub-

mit to the Board of Claims the determination of the validity of the claim, and did not concede the liability of the state; but if the statute were subject to the construction of conceding liability, its constitutionality might well be doubted.

*Roberts* v. *State of N. Y.*, 30 App. Div. 106, affirmed.

(Argued June 19, 1899; decided October 3, 1899.)

APPEAL from a judgment entered upon an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 4, 1898, which reversed a judgment of the Court of Claims of the state of New York awarding to the appellant the sum of $7,500. This amount was for damages which he claims to have sustained by reason of his conviction and imprisonment for the crime of burglary, for which offense he was subsequently pardoned. The amount of the claim as presented was $138,976.54.

Upon the fifteenth day of April, 1895, which was more than eighteen years after his conviction, and nearly seventeen years after his pardon, his rights as a citizen were restored to him by the governor of the state. Two days later the legislature passed a statute as follows: "An act to authorize the board of claims to hear, audit and determine the claim of John Roberts. Became a law April 17, 1895, with the approval of the Governor. Passed, three-fifths being present. The People of the State of New York, represented in Senate and Assembly, do enact as follows: Section 1. John Roberts is hereby authorized to present a claim to the board of claims for the damages sustained by him by reason of his improper conviction and imprisonment for the alleged crime of burglary, and the board of claims is hereby authorized to hear and pass upon said claim and to award such compensation for the damages sustained by said John Roberts in consequence of such conviction and imprisonment as shall appear to be just and reasonable. § 2. Either party may take an appeal to the Court of Appeals from any award made under authority of this act, if the amount in controversy exceeds five hundred dollars, provided such appeal be taken by service of a notice of appeal within

thirty days after service of a copy of the award. § 3. This act shall take effect immediately." (L. 1895, ch. 342.)

In May, 1895, the appellant presented a claim to the Board of Claims for the amount already mentioned, which was composed of items for loss of business, loss of property, counsel fees and other expenses, $33,538.10 for interest, and for damages to reputation, etc., $75,000.

*Joseph P. McDonough* ror appellant. Unjust and illegal arrest and imprisonment is a proper cause for an award by the state in the nature of damages. (244 Hansard's Parl. Rep. 1036; 265 Hansard's Parl. Rep. 883; 264 Hansard's Parl. Rep. 1011.) The statute under which this claim was heard (L. 1895, ch. 342) was not obnoxious to or violative of the provisions of article 7, section 6, of the Constitution of the state of New York. (*Parmenter* v. *State*, 135 N. Y. 163; *Rexford* v. *State*, 105 N. Y. 231; *Lewis* v. *State*, 96 N. Y. 71; *O'Hara* v. *State*, 112 N. Y. 154; *Peck* v. *State*, 137 N. Y. 375; *Cayuga Co.* v. *State*, 153 N. Y. 279.) The statute under which this claim was heard was not unconstitutional and void and against public policy because it declared the conviction of the claimant improper. (*Young* v. *U. S.*, 97 U. S. 68; *U. S.* v. *Klein*, 13 Wall. 147; *Ex parte Garland*, 71 U. S. 333; *Edwards* v. *Commonwealth*, 78 Va. 39; *People* v. *Pease*, 3 Johns. Cas. 333; *Matter of Deming*, 10 Johns. 232; *Perkins* v. *Stevens*, 24 Pick. 277; *Wood* v. *Fitzgerald*, 3 Oreg. 574; *Cook* v. *Middlesex*, 26 N. J. L. 331; *Osborn* v. *U. S.*, 91 U. S. 478; *Matter of Garland*, 4 Wall. 380.) The said statute is not in violation of section 20 of article 3 of the Constitution of this state. (*Cole* v. *State*, 102 N. Y. 48.) The statute is not in contravention of section 9 of article 6 of the Constitution of this state. (*Halliburton* v. *Clapp*, 149 N. Y. 183; *People ex rel.* v. *Potter*, 47 N. Y. 375; *Matter of Rapid Transit Comrs.*, 147 N. Y. 260; *People ex rel.* v. *Supers. Westchester Co.*, 147 N. Y. 15; *State* v. *County of Kings*, 125 N. Y. 312; *Demarest* v. *Mayor, etc.*, 147 N. Y. 207.) Upon the facts proved the liability of the state was

established. (*Cayuga Co.* v. *State*, 153 N. Y. 279; *Crowell*
v. *U. S.*, 4 U. S. Ct. Cl. Rep. 29; *Walton* v. *U. S.*, 24 U. S.
Ct. Cl. Rep. 377.) The facts proven made out a case
which would create a liability were the same established
in a court of justice against an individual or corporation.
(*Cole* v. *State*, 102 N. Y. 48; Cooley on Const. Lim. [5th ed.]
216; *Baker* v. *Braman*, 6 Hill, 48; *W. I. B. Co.* v. *Town
of Attica*, 119 N. Y. 208.) The judgment and award of the
Court of Claims was clearly insufficient. (1 Sedg. on Dam.
[8th ed.] 28, 29, §§ 29, 30; *Baker* v. *Drake*, 53 N. Y. 220;
*Thayer* v. *Manley*, 73 N. Y. 307; *Swain* v. *Schieffelin*, 134
N. Y. 474; *U. S. T. Co.* v. *O'Brien*, 143 N. Y. 287; Cooley
on Torts, 114; Suth. on Dam. 643; *Griffin* v. *Colver*, 16 N.
Y. 489; *Marquart* v. *La Farge*, 5 Duer, 565; *Bagley* v.
*Smith*, 10 N. Y. 489; *Brum* v. *Otto*, 40 Md. 15; *Schile* v.
*Brokhaus*, 80 N. Y. 620; *Dickinson* v. *Hart*, 142 N. Y. 188.)

*John C. Davies, Attorney-General,* and *John H. Coyne* for
respondent. The claim is in the nature of an action for false
imprisonment, and the conviction of claimant by a properly
constituted court is a complete defense and bar to claimant's
alleged cause of action. (*Robbins* v. *Robbins*, 133 N. Y.
597; *Oppenheimer* v. *M. R. Co.*, 18 N. Y. Supp. 411; *Cun-
iff* v. *Beecher*, 32 N. Y. Supp. 10, 67.) The statute does no
more than to permit claimant to litigate his claim before the
Board of Claims, and to require the board to pass upon its
merits. (Cooley on Const. Lim. 104, 105, 113, 115; *Mayor*
v. *Horn*, 26 Md. 194; *Butler* v. *Supervisors*, 26 Mich. 22;
*Forster* v. *Forster*, 129 Mass. 559; *Elmendorf* v. *Carmichael*,
14 Am. Dec. 86; *Parmelee* v. *Thompson*, 7 Hill, 77.) If the
legislature intended to declare the conviction of John Roberts
"improper," and attempted to vacate the judgment of convic-
tion by this act, it assumed the exercise of functions which
are solely within the prerogatives of the judicial branch of the
state government, and, therefore, the act in question is uncon-
stitutional and void. (*People ex rel.* v. *Keeler*, 99 N. Y.
480; *People* v. *Bd. Suprs.*, 16 N. Y. 432; *Wynehamer*

v. *People*, 13  N.  Y.  391 ; *People*  v.  *Frisbie*, 26  Cal.
135 ; *Ponder* v. *Graham*, 4 Fla. 23 ; *Davis* v. *President, etc.*,
21  Wis. 491 ; *De Chastellux* v. *Fairchild*, 15 Penn. St. 18 ;
*Lewis* v. *Webb*, 3 Me. 326 ; *Merrill* v. *Sherburne*, 1 N. H. 199 ;
*Comrs. ex rel.* v. *Halloway*, 42 Penn. St. 446.) If it is held that
chapter 342, Laws of 1895, estops the state from asserting the
legality of Roberts' conviction, the law is in violation of sec-
tion 20 of article 3 of the Constitution. (*People ex rel.* v.
*Albertson*, 55 N. Y. 50 ; Const. N. Y. art. 3, § 19 ; *O'Hara*
v. *State*, 112 N. Y. 146 ; *Cole* v. *State*, 102 N. Y. 48.)   The
statute is unconstitutional, being in contravention of section
9 of article 6 of the Constitution. (*State* v. *County of Kings*,
125 N. Y. 312 ; *Bryant* v. *Thompson*, 128 N. Y. 426 ; Cooley
on Const. Lim. [6th ed.] 211 ; *Com.* v. *Hitchings*, 5 Gray,
482 ; *People ex rel.* v. *Briggs*, 50 N. Y. 553.)   There is no
evidence upon which to base an award for loss of claimant's
business, and claimant was not injured in his reputation. (*N.
Y. & B. F. Co.* v. *More*, 1 N. Y. S. R. 374 ; *Kearney* v.
*Mayor, etc.*, 92 N. Y. 617 ; *Wylde* v. *N. R. R. Co.*, 53 N. Y.
156 ; *Matter of Randel*, 158 N. Y. 216 ; Sedg. on Dam. §§ 125,
127 ; *Western U. T. Co.* v. *Cooper*, 71 Tex. 507 ; *Bovee* v.
*Danville*, 53 Vt. 183 ; *Lowenstein* v. *Monroe*, 55 Iowa, 82 ;
*Marqueze* v. *Southeimer*, 59 Miss. 430 ; *Weeks* v. *Prescott*,
53 Vt. 57.)

MARTIN, J.   It is manifest that the appellant's pardon and
restoration to the rights of citizenship had no retroactive
effect upon the judgment of conviction which remains unre-
versed and has not been set aside.   We think the effect of a
pardon is to relieve the offender of all unenforced penalties
annexed to the conviction, but what the party convicted has
already endured or paid, the pardon does not restore.   When
it takes effect, it puts an end to any further infliction of pun-
ishment, but has no operation upon the portion of the
sentence already executed.   A pardon proceeds not upon the
theory of innocence, but implies guilt.   If there was no guilt,
theoretically at least, there would be no basis for pardon.

It is granted not as a matter of right, but of grace. In the language of another: "A party is acquitted on the ground of innocence; he is pardoned through favor." The pardon in this case shows upon its face that it was granted as an act of mercy, and not as one of justice. It was upon the representation that the appellant was a fit subject for mercy that it was obtained, and not upon the ground that *the judgment was unjust or invalid. If the judgment was erroneous, the remedy was by appeal or by application to set it aside, and not by pardon. That question was for the judicial branch of the state government to determine, and not for the legislative or executive department. Upon this branch of the case we concur in the conclusion reached by the learned Appellate Division, which has so carefully considered the question that no further discussion seems necessary.

Assuming, as we must, that the appellant's pardon and restoration to citizenship affected the judgment of conviction only to relieve him from future or further punishment, it follows that the imprisonment for which he seeks to recover damages was in all respects proper. The judgment of conviction was introduced in evidence before the Court of Claims, so that the record of the trial in this action contains a judgment adjudging the appellant guilty of the crime with which he was charged and for which he was convicted and imprisoned. Thus, it was conclusively established that he was guilty of the offense charged and that his punishment was legal. Under these circumstances, it is obvious that he was not entitled to recover unless that right is expressly conferred by the statute of 1895, or is to be clearly and necessarily implied from its provisions.

This brings us to a consideration of the provisions of that act. By it the appellant was authorized to present a claim to the Board of Claims for damages sustained by reason of his conviction and imprisonment. The board was then authorized to hear and pass upon the claim, and award such compensation as should appear to be just and reasonable.

The evident purpose of this statute was threefold: 1. To

.permit the appellant to present to the Board of Claims any claim he had or supposed he had against the state for damages sustained by reason of his conviction and imprisonment for the crime of burglary. 2. When a claim was presented, to authorize the board to pass upon it and determine whether it was valid or invalid; and 3. If found valid, to allow it to determine what just and reasonable compensation he should receive for the damages he had sustained by reason thereof.

Thus, if a claim was presented, the statute contemplated a trial before the board of two questions. The primary and fundamental one was whether the claim was proper and valid, which included the propriety or impropriety of the appellant's conviction and imprisonment. The other related to the amount of damages, and became important only after the board determined that the appellant's imprisonment was improper and the claim presented by him valid. The solution of these questions was dependent upon the proof adduced upon the trial.

Obviously it was not the intention of the legislature to itself pass upon the question whether the appellant's conviction was proper or otherwise, but to submit that question, together with the question of damages, to the board for its consideration and determination. With this conclusion the appellant's attorney seems to be at least in partial accord, for he states in his brief that " the use of the word ' improper ' is merely descriptive of the legislature's opinion. It is at most harmless. If it were omitted the act would still authorize an award to the claimant upon proof of damages." If the appellant was not improperly convicted and imprisoned, then he had no valid claim, and it was the duty of the board under the statute to dismiss the proceeding. It was, therefore, incumbent upon him to establish that he was improperly convicted and imprisoned and the amount of damages he had sustained by reason thereof. While a great volume of evidence was given upon the second question, we find nothing in the record which justified the board in finding that his conviction and imprisonment were improper. But, instead, the

evidence upon which he was convicted and the judgment of conviction were introduced, both of which show that his conviction was proper, the former presumptively and the latter conclusively. With this condition of the record, it is evident that the Board of Claims had no power or authority to award him any damages whatsoever.

The appellant, however, in his eighth point contends that the liability of the state has been conceded by the legislature, and cites the case of *Cayuga County* v. *State* (153 N. Y. 279) as sustaining that proposition. An examination of the case cited discloses that the question there under consideration was totally unlike the question involved in this case. The question there was whether the county of Cayuga had been compelled to bear more than its proper share of taxation by the payment of taxes to defray certain expenses which should have been borne by the state. In that case it was held that the claim was not a private claim within the purview of section 19 of article 3 of the Constitution forbidding the legislature to pay or audit any private claim against the state, but was a public one. If the contention of the appellant be correct and the statute is subject to the construction claimed by him, its constitutionality may well be doubted. But we think it is entitled to no such construction, but should be given that already suggested.

That conclusion renders the determination of the various other interesting and important questions raised and discussed upon the argument and in the briefs of the respective counsel relating to the limitation of the plaintiff's right of action, the constitutionality of the act, or the adequacy or inadequacy of the award, wholly unnecessary. We think the conclusion reached by the Appellate Division was correct, and that the judgment appealed from should be affirmed, with costs.

All concur (Bartlett, J., in result).

Judgment affirmed.