GEORGE BURROUGHS *vs.* COMMONWEALTH.

Suffolk.    January 11, 1916. — May 15, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Commonwealth.    Actionable Tort.    State Forester.    Agency,* Scope of authority or employment.

The provisions of R. L. c. 201 do not permit the maintenance against the Commonwealth of a petition for the assessment of damages resulting from an ordinary tort committed by an officer or employee of the Commonwealth in the performance of duties prescribed by law.

The State forester, neither by the provisions of St. 1904, c. 409, § 2, which describe his general duties, nor by Res. 1915, cc. 2, 23, directing him "to provide employment for needy persons deemed by him to be worthy thereof . . . upon the improvement and protection of forests and in any other public work which may . . . be proper" in his opinion, is authorized to cut cord wood or clear brush upon the land of a private person for a price to be paid to the Commonwealth, and by his doing so the Commonwealth is not made subject to the liability of a private person engaged in private business to answer in damages for torts committed by its employees in such work.

The Commonwealth cannot be presumed to have consented to be impleaded in its own courts to answer for torts committed by the employees of one of its officers acting beyond the scope of authority conferred by law.

RUGG, C. J.    This is a petition against the Commonwealth, brought under R. L. c. 201.    It alleges in substance that the petitioner sustained damages to his property by fire set and negligently permitted to escape from their control by men employed by the State forester and engaged under his direction in cutting cord wood and clearing brush under the assumed authority of Res. 1915, cc. 2, 23, for the private benefit of one Streeter, the owner of land adjacent to the petitioner's land, who was to pay for the work done at so much per cord of wood cut.    In substance the petition sets out an ordinary cause of action, sounding in·negligence of servants in the course of the performance of their duties for their master.    The Commonwealth demurred on the general ground that no cause of action was set forth in the petition, for the redress of which jurisdiction is given by the statute.*

---

* The demurrer was sustained by *McLaughlin,* J., who ordered judgment for the Commonwealth.    The petitioner appealed.

It is familiar law that the sovereignty can be impleaded in its own courts only in the manner, to the extent and for the causes expressed in the statute granting consent thereto. *McArthur Brothers Co.* v. *Commonwealth,* 197 Mass. 137.

It has been held that while the terms of the statute now embodied in R. L. c. 201 are "full and comprehensive, it is not to be interpreted as imposing any new obligation upon the Commonwealth, or as creating a new class of claims for which a sovereignty never has been held responsible, but . . . 'to provide a convenient tribunal for the determination of claims of the character which civilized governments have always recognized, although the satisfaction of them has been usually sought by direct appeal to the sovereign, or, in our system of government, through the Legislature.'" *Nash* v. *Commonwealth,* 174 Mass. 335, 338. In view of this decision, the statute cannot be stretched to include damages for an ordinary tort committed by an officer or employee of the Commonwealth in the performance of duties prescribed by law. It expressly was adjudged in *Murdock Parlor Grate Co.* v. *Commonwealth,* 152 Mass. 28, that demands founded on the neglect or tort of ministerial officers engaged as servants in the performance of duties which the State as a sovereign has undertaken to perform, have never been recognized as the foundation of obligations. So far as the petition sets forth work of a public nature, it is concluded adversely to the plaintiff by these decisions.

Liability is urged on the ground that the work here alleged is not of a sovereign or public nature in any proper sense, but is in the nature of private business undertaken by the Commonwealth as it might be by any private contractor. It is plain, however, that there is no law authorizing the State forester to engage in the general business of cutting cord wood or clearing brush for private owners. Res. 1915, c. 2, directed the State forester "to provide employment for needy persons deemed by him to be worthy thereof. . . . The moneys authorized to be spent under the provisions of this resolve shall be spent upon the improvement and protection of forests and in any other public work which may in the opinion of the State forester be proper." Manifestly this language does not authorize the prosecution of work upon private lands for the benefit of private owners, but only upon that which may be described rightly as connected with "public work."

Res. 1915, c. 23, refers to c. 2, and adds nothing to it except an appropriation. The general duties of the State forester are set out in St. 1904, c. 409, § 2, in these words (so far as here material): "It shall be the duty of the State forester to promote the perpetuation, extension and proper management of the forest lands of the Commonwealth, both public and private. He may upon suitable request give to any person owning or controlling forest lands aid or advice in the management thereof. . . . The State forester shall have the right to publish the particulars and results of any examination or investigation made by him or his assistants as to any lands within the Commonwealth, and the advice given to any person who has applied for his aid or advice. Any recipient of such aid or advice shall be liable to the State forester for the necessary expenses of travel and subsistence incurred by him or his assistants." It is too plain for discussion that the right to give "aid or advice" confers no authority to go into the business of clearing forest lands or cutting wood or timber for individual owners. The duty to "promote the perpetuation, extension and proper management of the forest lands of the Commonwealth, both public and private," does not include the carrying out of advice, the execution of plans directed to that end, or the conduct of the general business of forestry. The statute contemplates encouragement of that business in the hands of private owners, not the prosecution of it by the State forester on lands privately owned.

Doubtless there was public work to which it may have been assumed that the appropriations might be applied. See, for example, Sts. 1909, c. 263; 1905, c. 381; 1907, c. 521; 1915, c. 124, as to the gypsy moth, R. L. c. 28, §§ 23–29, as amended by St. 1915, c. 162, as to the public domain, St. 1914, c. 720, as to State forests, and the statutes establishing the Wachusett, Mount Sugar Loaf and Greylock mountain reservations and other public parks.

It is not necessary to consider whether it would be possible for the Commonwealth under the Constitution to appropriate money raised by taxation for the purpose of entering into such a field of private business. See *Lowell* v. *Boston,* 111 Mass. 454; *Opinions of the Justices,* 155 Mass. 598; 182 Mass. 605; 204 Mass. 607; 211 Mass. 624. The statutes do not authorize the business enterprise under the management of the State which this aspect of the petition avers.

By no possibility can the Commonwealth be presumed to have consented to be impleaded in its own courts touching torts committed by the employees of one of its officers acting beyond the scope of any authority conferred by law.

*Judgment affirmed.*

*R. W. Hale* & *J. M. Maguire,* for the petitioner.

*C. W. Mulcahy,* (*A. E. Seagrave,* Assistant Attorney General, with him,) for the Commonwealth.

