MARION GLICKMAN *vs.* COMMONWEALTH.

Suffolk.    January 16, 1923. — February 28, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Commonwealth.    Jurisdiction.*

The Commonwealth cannot be impleaded in its own courts except with its consent, and, when that consent is granted, it can be impleaded only in the manner and to the extent expressed in the statute.

The owner of land adjoining an armory cannot maintain a petition under G. L. c. 258, for damages resulting from an unlawful encroachment upon his land by the armory commissioners and the maintenance of a wall thereon.

St. 1907, c. 526, § 7, did not give to the armory commissioners authority to make a contract to pay rent to the owner of land adjoining an armory upon which, without any proceedings by eminent domain under the statute, they had encroached and had built and maintained a wall, and the owner of the land cannot maintain a petition against the Commonwealth under G. L. c. 258, to recover for the use and occupation of such land as under an implied contract to pay rent.

PETITION, filed in the Superior Court for the county of Suffolk on March 17, 1921, under G. L. c. 258, and afterwards amended.

The petition and a demurrer thereto are described in the opinion. The demurrer was heard by *McLaughlin,* J., by whose order there was entered an "order or decree" dismissing the petition. The petitioner appealed.

*E. I. Smith,* for the petitioner.

*L. Goldberg,* Assistant Attorney General, for the Commonwealth.

CARROLL, J.    The petitioner alleges that in December, 1907, the armory commissioners took in fee a certain parcel of land adjoining her land, for and in the name of the Commonwealth under St. 1907, c. 526; that on the parcel so taken there was an armory of the first class then completed or in process of construction, which has since been maintained with its grounds as a State armory; that in 1908, without objection by the petitioner's predecessor in title, the commissioners constructed a permanent wall and an embankment of heavy stone on the northwesterly side of the armory building upon the land now belonging to the petitioner; the wall and filling occupied about three hundred and one square feet; the width of the tract so occupied varied from

three and seventy-five hundredths feet on the easterly corner of the petitioner's lot to five and seventy-five hundredths at the westerly corner; that in 1911 the respondent repaired the wall; that the petitioner's father became the owner of the lot now owned by the petitioner, and when the wall was repaired, he then had no knowledge that a portion of it or the embankment was upon his land; that in 1914 or 1915 he was informed of the true boundary and he then directed the attention of the armory commissioners to the matter and objected to the further use and occupation of his land for this purpose without compensation; that the respondent admitted the facts regarding the boundary and position of the wall and did not claim any title to the land upon which it stood, but continued in exclusive use and occupation of the tract in question; that the petitioner became the owner of the land in 1916; that she objected to the use of her land without compensation, and "in default of which the respondent ought to remove the said wall and terrace;" that the defendant has continued in the occupation of the land in question. It is further alleged that the petitioner has taken no action which can be construed as a license to the respondent to occupy the land, "or as treatment of the respondent or its officers or agents as trespassers thereon."

The respondent demurred on the ground that the petitioner was seeking to recover damages for the commission of an alleged tort; that the Commonwealth had never consented to be impleaded in its courts for such a cause of action; and that no cause of action is set forth in the petition. The demurrer was sustained and a decree entered dismissing the petition. The petitioner appealed.

Under St. 1907, c. 526, § 7, the armory commissioners were authorized to acquire land by purchase or otherwise, and in default of an agreement as to the value of the land taken, either party might have a jury in the Superior Court determine such value, in the manner provided for the determination of the value of land when taken for the laying out of highways, if the petition is filed within one year after the taking. This statute was not complied with and the petitioner has no remedy under it.

Under our system of jurisprudence the Commonwealth cannot be impleaded in its own courts except with its consent, and, when that consent is granted, it can be impleaded only in the manner and to the extent expressed in the statute. *McArthur Brothers*

*Co.* v. *Commonwealth,* 197 Mass. 137, 138. *Nash* v. *Commonwealth,* 174 Mass. 335, 338. *Burroughs* v. *Commonwealth,* 224 Mass. 28. Under G. L. c. 258, claims may be enforced against the Commonwealth, but this statute does not include damages for an ordinary tort committed by officers of the Commonwealth in the discharge of their public duties. This statute relates to actions of contract and does not give a remedy for damages arising from such a tort. *Burroughs* v. *Commonwealth, supra. Nash* v. *Commonwealth, supra. Murdock Parlor Grate Co.* v. *Commonwealth,* 152 Mass. 28.

The petitioner contends that she can recover under G. L. c. 258, under an implied contract for use and occupation of her land. To maintain an action for use and occupation of land, there must be some evidence to establish the relation of landlord and tenant, and such relation must grow out of a contract, expressed or implied. *Stevenson* v. *Donnelly,* 221 Mass. 161, 165. *Kirchgassner* v. *Rodick,* 170 Mass. 543. *Central Mills Co.* v. *Hart,* 124 Mass. 123, 125. There was no express contract between the respondent and the petitioner, the authority of the armory commissioners was limited by the terms of the St. 1907, c. 526, and no contract can be implied on the part of the Commonwealth from the facts alleged in the petition. The demurrer was sustained rightly.

*Decree dismissing the bill affirmed.*