(No. 2473— ▮▮▮▮)

ROCCO TITONE AND JOSE TITONE, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 10, 1937.*

GILBERT & GILBERT, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimants are the owners of a small tract of land located adjacent to and along the east side of S. B. I. Route 37, about three-fourths of a mile south of the City of Mt. Vernon, in Jefferson County, which premises are improved by a vineyard containing approximately 1,000 grape vines with the necessary posts and wires to support the same.

On November 22d, 1933 employees of the Department of Public Works and Buildings of the respondent were burning dry weeds and grass along said highway, near the premises of the claimants. Such employees failed to properly control said fire and as the result thereof the same spread to the premises and vineyard of claimants, whereby claimants allege that their vineyard has been damaged in the amount of $2,500.00.

The Attorney General contends that there is no liability on the part of the respondent for the reason that said respondent is not liable for the carelessness and negligence of its employees, in the absence of a statute making it so liable; —and that there is no such statute.

Claimants contend that there is a statute making the State liable in this case, and base their contention on Para-

graph 4 of Section 6 of the Court of Claims Law which provides that:

"The Court of Claims shall have power * * * to hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, ex contractu and ex delicto, which the State as a sovereign commonwealth should in equity and good conscience discharge and pay."

The construction of this provision of the Court of Claims Law, and similar provisions in previous laws relating to the Commission of Claims, has been before such Commission and before this court in many cases, from the time of the creation of the Commission of Claims in 1877, down to the present time. The history of such legislation was traced, and the construction of such provisions of law was fully considered in the case of *Crabtree* vs. *State of Illinois* (decided 1933), 7 C. C. R. 207. In that case, after considering the previous authorities upon the subject, the court reached the following conclusion, to wit (p. 222): that said Section 4 of Paragraph 6 of the Court of Claims Act "merely defines the jurisdiction of the court, and does not create a new liability against the State, nor increase or enlarge any existing liability; that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity, if the State were suable; that this court has no authority to allow any claim unless there is a legal or equitable obligation on the part of the State to pay the same, however much the claim might appeal to the sympathies of the court; that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to such an award."

The decision in the Crabtree case has been followed by this court in many cases decided since that time.

Claimants have referred to a number of cases in which this court has allowed awards on the grounds of equity and good conscience. A similar reference was made by claimant in the Crabtree case and in considering the same, this court there said, page 218:

"We are cognizant of the fact that some time after the decision of the court in the Ryan Case, *supra* (4 C. C. R. 57), in a number of decisions which apparently held a strong appeal to the sympathy of the court, it departed from the strict rule laid down in the cases hereinbefore referred to, and thereafter allowed certain claims on which there was no legal liability against the State, on grounds which were characterized, first, as

social justice, then as social justice and equity, and afterwards as equity and good conscience.

"This continued for some time, and thereafter the court evidently becoming aware of the dangerous tendency of its decisions and the extent to which they were being carried, and apparently recognizing that there was no legal warrant or authority therefor, began gradually to get back to the original holdings of the court to the effect that this court has no authority or power to allow any claim presented for consideration, unless the same is based upon a legal or equitable right."

In this connection it is worthy of note that during the time awards were being made by the court on the grounds of equity and good conscience as aforesaid, Mr. Justice Thomas, one of the members thereof, consistently held to the position taken by the present court in the Crabtree case, as will appear from his opinions in the following cases, to wit: *Mercer* vs. *State*, 6 C. C. R. 20; *Peterson* vs. *State*, 6 C. C. R. 70; *Perry* vs. *State*, 6 C. C. R. 81; *Braun* vs. *State*, 6 C. C. R. 104; *Paschen* vs. *State*, 6 C. C. R. 33; *Lampp* vs. *State*, 6 C. C. R. 349; and *Dirby* vs. *State*, 7 C. C. R. 145.

In the case of *Smith* vs. *State*, 227 N. Y. 405, the New York Court of Appeals held that the provision of the Code of the State with reference to the jurisdiction of the Court of Claims was not enacted "for the purpose of extending or enlarging the liability of the State, but solely for the purpose of declaring the jurisdiction of the Court of Claims, before which questions of liability might be tried," and in the course of its opinion said:

"It is true, as urged, that the section confers upon the Court of Claims jurisdiction of the broadest character. The State, under the terms of the section, must be treated as having waived its immunity against actions as to all private claims. * * * But it is thoroughly established that by consenting to be sued the State waives its immunity from action, and nothing more. It does not thereby concede its liability in favor of the claimant, or create a cause of action in his favor which did not theretofore exist. It merely gives a remedy to enforce a liability and submits itself to the jurisdiction of the court, subject to its right to interpose any lawful defense. *Roberts* vs. *State*, 160 N. Y. 217, 54 N. E. 678. Immunity from an action is one thing. Immunity from liability for the torts of its officers and agents is another."

In the case of *Burroughs* vs. *Commonwealth*, 224 Mass. 28, the plaintiff sought to recover damages to his property by reason of fire set and negligently permitted to escape from their control by men employed by the State Forester. The Massachusetts statutes gave the Superior Court "juris-

diction of all claims against the Commonwealth whether at law or in equity?'. In that case the court said, page 39:

"It has been held that while the terms of the statute now embodies in R. L. C. 201 are "full and comprehensive, it is not to be interpreted as imposing any new obligation upon the Commonwealth, or as creating a new class of claims for which a sovereignty never has been held responsible, but * * * 'to provide a convenient tribunal for the determination of claims of the character which civilized governments have always recognized, although the satisfaction of them have been usually sought by direct appeal to the sovereign, or, in our system of government, through the Legislature'." *Nash* vs. *Com.*, 174 Mass. 335, 54 N. E. 865. In view of this decision, the statute cannot be stretched to include damages for an ordinary tort committed by an officer or employee of the Commonwealth in the performance of duties prescribed by law."

The question has also been exhaustively annotated in 13 A. L. R. page 1276, in which the following general provision of law is set forth and supported by decisions in Alabama, Idaho, Massachusetts, New York, North Carolina, Tennessee, Washington, and Wisconsin, to wit:

"A general statute authorizing suits against the State does not permit a recovery for torts of its agents or servants."

A further annotation on the same subject is found in 42 A. L. R. page 1492, where the following general rule is set forth, to wit:

"Ordinarily the consent of the State simply waives immunity from suit and does not concede the cause of action."

A consideration of the foregoing authorities, and the cases cited and referred to therein, shows beyond any doubt that the decision of this court in the Crabtree case is in accordance with the great weight of authority, and we must therefore adhere to the same.

The question of the liability of the State for damages to property by fire resulting from the carelessness and negligence of employees of the State was before this court in the case of *W. H. Loges* vs. *State*, 8 C. C. R. 53, and in the case of *Unverfehrt* vs. *State*, 8 C. C. R. 577, and in each case award was denied.

In the case of *Symonds* vs. *Clay County*, 71 Ill. 555, the plaintiff sought to recover damages sustained by means of a fire which had spread from the poor farm belonging to defendant. The court held that the poor farm was held and managed by the defendant as a matter of state rather than a

local concern; that the doctrine of *respondeat superior* did not apply to the county in that regard, and that the county was not liable for the wrongful neglect of duty or wrongful act of its agents.

We have held in numerous cases that the State in maintaining its durable hard-surfaced highways, is engaged in a governmental function. *Chumbler* vs. *State*, 6 C. C. R. 136; *Highland* vs. *State*, 6 C. C. R. 384; *Bucholz* vs. *State*, 7 C. C. R. 241; *Wilson* vs. *State*, 8 C. C. R. 72; and *Wetherhold* vs. *State*, 8 C. C. R. 100.

Our Supreme Court has held in numerous cases that there is no liability on the part of the State for the negligence of its servants and agents in the exercise of its governmental functions, in the absence of a statute making it so liable. *Hollenbeck* vs. *County of Winnebago*, 95 Ill. 148; *City of Chicago* vs. *Williams*, 182 Ill. 135; *Minier* vs. *State Board of Agriculture*, 259 Ill. 549; *Love* vs. *Glencoe Park District*, 270 Ill. App. 117; *Stein* vs. *West Chicago Park Commission*, 247 Ill. App. 479; *Hendrick* vs. *Urbana Park District*, 265 Ill. 102; *Gebhardt* vs. *Village of LaGrange Park*, 254 Ill. 235.

Under the law as laid down by our Supreme Court and concurred in by the courts of numerous other jurisdictions, we have no authority to allow an award in this case. If the employees of the State were guilty of negligence which resulted in injury and damage to the claimant, they are personally liable therefor, but there is no liability on the part of the State.

Award denied. Case dismissed.