(No. 3422—

WINIFRED BURROUGHS AND CHARLOTTE N. BURROUGHS, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 11, 1940.*

WARNOCK, WILLIAMSON & BURROUGHS and BROWN, HAY & STEPHENS, for claimants.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The complaint herein alleges in substance that on November 6th, 1937, the claimant, Winifred Burroughs, was driving an automobile in a northerly direction on S. B. I. Route No. 4 (U. S. Route No. 66), at a point about three miles north of the Village of Hamel, in Madison County; that the claimant, Charlotte N. Burroughs, was riding as a guest in said automobile; that at the same time one John D. Owens, Assistant Engineer of the respondent, in the course of his employment was driving an automobile in a southerly direction upon said S. B. I. Route No. 4 and was approaching the Burroughs car; that a heavy fog prevailed and the visibility was poor; that the pavement was damp and wet; that said Owens was driving his automobile at a high and dangerous rate of speed, and while passing another vehicle proceeding in the same direction, and while the foggy condition of the atmosphere was so dense that it was impossible to see more than fifty (50) feet, drove his automobile over the center line of said highway, directly in the path of the Burroughs car, whereby the two automobiles collided head on; that as a result thereof the Burroughs automobile was demolished and claimants sustained serious and permanent injuries, for which the claimant, Winifred Burroughs, asks an award in the amount of $6,800.00, and the claimant, Charlotte N. Burroughs, asks an award in the amount of $6,000.00.

The complaint further alleges that the claimants were in the exercise of all due care and caution prior to and at the time of the accident, and that said John D. Owens was guilty of wilful and wanton misconduct in the operation of his automobile, and that therefore the respondent is liable for the injuries and damages sustained by them.

The Attorney General has filed a motion to dismiss on the grounds that the State is not liable for the carelessness and negligence, or for the wilful and wanton misconduct of its employees.

The claimants contend that under the provisions of Section 6 of the Court of Claims law, the court has jurisdiction to hear and determine all claims and demands, legal and equitable, which the State, as a sovereign commonwealth, in equity and good conscience should discharge and pay; and

that in this case the State in equity and good conscience should pay the claimants the damages sustained by them.

The question raised in this case has been before this court in numerous cases, and was carefully considered in the case of *Crabtree* vs. *State,* 7 C. C. R. 207. In that case, after an exhaustive review of the previous decisions of this court, we said:

"We conclude, therefore, that Section Four (4) of Paragraph Six (6) of the Court of Claims Act, which provides as follows, to-wit: The Court of Claims shall have power: 'to hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, ex contracto and ex delicto, which the State as a sovereign commonwealth, should, in equity and good conscience, discharge and pay'; merely defines the jurisdiction of the Court, and does not create a new liability against the State, nor increase or enlarge any existing liability; that the jurisdiction of this Court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity, if the State were suable; that this Court has no authority to allow any claim unless there is al legal or equitable obligation on the part of the State to pay the same, however much the claim might appeal to the sympathies of the Court; that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award.

"The claimant having failed to bring himself within the provisions of the law entitling him to an award, there is nothing this Court can do but deny the claim."

In the case of *Garbutt* vs. *State,* No. 2246, an opinion denying an award was filed at the January Term, 1935. That case involved the question of the liability of the respondent for the negligence of the maintenance patrolman on S. B. I. Route 172, and we there held, following the case of *Crabtree* vs. *State, ante,* that there was no liability.

Thereafter a rehearing was allowed on the petition of the claimant, and upon such rehearing the claimant contended that the servants and agents of the respondent were guilty of gross and wanton negligence, and that under such circumstances an exception exists to the general rule that the State is not liable for the acts of its servants and agents under the doctrine of respondeat superior. In that case we held:

"If the State is not liable for the ordinary negligence of its servants and agents, there is no principle of law under which it can be held liable for the gross or wanton negligence of such servants or agents in the absence of a statute making it so liable. The purported exception has no basis in law, and is no longer recognized by this Court."

The question as to the liability of the State on the grounds of equity and good conscience was again fully con-

sidered by the court in the case of *Titone* vs. *State*, 9 C. C. R. 389, in which the authorities in this and other States were again considered and reviewed, and the decision in the *Crabtree* case was adhered to.

The rule as laid down in the *Crabtree, Garbutt* and *Titone* cases has been recognized and applied in New York, Massachusetts, and numerous other States. In the case of *Smith* vs. *State*, 227 N. Y. 405, the New York Court of Appeals said:

"It is true, as urged, that the section confers upon the Court of Claims jurisdiction of the broadest character. The State, under the terms of the Section, must be treated, as having waived its immunity against actions as to all private claims. * * * But it is thoroughly established that by consenting to be sued the State waives its immunity from action, and nothing more. It does not thereby concede its liability in favor of the claimant, or create a cause of action in his favor which did not theretofore exist. It merely gives a remedy to enforce a liability and submits itself to the jurisdiction of the court, subject to its right to interpose any lawful defense. *Roberts* vs. *State*, 160 N. Y. 217, 54 N. E. 678. Immunity from an action is one thing. Immunity from liability for the torts of its officers and agents is another."

The case of *Burroughs* vs. *Commonwealth*, 224 Mass. 28, involved a statute which gave the Superior Court "jurisdiction of all claims against the Commonwealth whether at law or in equity," and in that case the court, on page 39, said:

"It has been held that while the terms of the statute now embodied in R. L. C. 201 are 'full and comprehensive, it is not to be interpreted as imposing any new obligation upon the Commonwealth, or as creating a new class of claims for which a sovereignty never has been held responsible, but . . . . 'to provide a convenient tribunal for the determination of claims of the character which civilized governments have always recognized, although the satisfaction of them have been usually sought by direct appeal to the sovereign, or in our system of government, through the Legislature' ". *Nash* vs. *Com.*, 174 Mass. 335, 54 N. E. 865. In view of this decision, the statute cannot be stretched to include damages for an ordinary tort, committed by an officer or employee of the Commonwealth in the performance of duties prescribed by law."

Under the law as above set forth we have no authority to allow an award, and the motion of the Attorney General must be sustained. Motion to dismiss allowed. Case dismissed.