THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EDWARD LARKMAN, Defendant.

County Court, Erie County, August 30, 1946.

*Edward Larkman,* defendant in person.

*Leo J. Hagerty, District Attorney (Maurice Frey* of counsel), for plaintiff.

WARD, J. This is a motion for an order to vacate a judgment of this court granted February 3, 1939, committing the defendant as a third felony offender and to resentence the said Edward

Larkman as a second felony offender, on the grounds that he was erroneously sentenced as a third offender.

The defendant states that he was indicted for murder, first degree, in 1926; convicted of that crime and sentenced to death; that later a Governor of the State of New York commuted the sentence to life imprisonment; that in 1933 another Governor of this State " pardoned Edward Larkman on the ground of innocence "; that under section 697 of the Code of Criminal Procedure, added by chapter 60 of the Laws of 1946, effective February 28, 1946, " the judgment of conviction must be set aside ".

Before examining the new section, a general inquiry into the effect and meaning of a pardon would be useful.

The Constitution of the State of New York provides in section 4 of article IV, entitled " Reprieves, commutations and pardons; powers and duties of governor relating to grants of ", that: " The governor shall have the power to grant reprieves, commutations and pardons after conviction, for all offenses except treason and cases of impeachment, upon such conditions and with such restrictions and limitations, as he may think proper, subject to such regulations as may be provided by law relative to the manner of applying for pardons. * * * " (Section, formerly N. Y. Const. of 1894, art. IV, § 5, was renumbered N. Y. Const. of 1938, art. IV, § 4, without other change. Derived originally from N. Y. Const. of 1777, art. XVIII.)

The Governor's power to grant reprieves, commutations and pardons upon such conditions, and with such restrictions and limitations, as he thinks proper, is unlimited, and cannot be limited either by statute or court decision. (*People ex rel. Page* v. *Brophy,* 248 App. Div. 309, appeal dismissed, 277 N. Y. 673.) A pardon has no retroactive effect upon the judgment of conviction which remains unreversed and has not been set aside. (*Roberts* v. *State,* 160 N. Y. 217, 221.) Judge MARTIN, speaking for the Court of Appeals in 1899, said: " We think the effect of a pardon is to relieve the offender of all unenforced penalties annexed to the conviction, but what the party convicted has already endured or paid, the pardon does not restore. When it takes effect, it puts an end to any further infliction of punishment, but has no operation upon the portion of the sentence already executed. A pardon proceeds not upon the theory of innocence, but implies guilt. If there was no guilt, theoretically at least, there would be no basis for pardon. It is granted not as a matter of right, but of grace. In the language of another:

' A party is acquitted on the ground of innocence; he is pardoned through favor.' The pardon in this case shows upon its face that it was granted as an act of mercy, and not as one of justice. It was upon the representation that the appellant was a fit subject for mercy that it was obtained, and not upon the ground that the judgment was unjust or invalid. If the judgment was erroneous, the remedy was by appeal or by application to set it aside, and not by pardon. That question was for the judicial branch of the state government to determine, and not for the legislative or executive department." (*Roberts* v. *State,* 160 N. Y. 217, 221–222, *supra.*)

The Legislature has defined many of the effects of a pardon. It has reiterated the unlimited power of the Governor to grant pardons (Code Crim. Pro., § 692) and conditional pardons (Code Crim. Pro., § 696). The Governor shall keep separate registers containing applications for pardon and his action thereon (Executive Law, § 6, subd. 3). The Governor may grant a pardon to relieve a person of a judgment of habitual criminality (Penal Law, § 1022) but a pardon granted to a person sentenced to imprisonment for life does not restore his marital rights (Domestic Relations Law, § 58). A pardon may restore a felon's right to vote (Election Law, § 152), or may lead to the restoration of a felon's right to practice medicine (Education Law, § 1251), or of his license as a real estate broker or real estate salesman (Real Property Law, § 440-a), or of his license as an undertaker, embalmer or funeral director, (Public Health Law, § 299-f, subd. 5), or of his license issued pursuant to the Alcohol Beverage Control Law (Alcohol Beverage Control Law, § 102, subd. 2) or of his license as a private detective or investigator (General Business Law, § 74, subd. 2).

In 1942, section 9 of the Court of Claims Act (L. 1939, ch. 860), entitled " Jurisdiction and powers of the court ", was amended to include this additional power of the court: " 3-a. To hear and determine the claim of any person for damages against the state who is hereafter convicted of any felony or misdemeanor against the state and is sentenced to imprisonment and who after having served all or any part of his sentence, shall receive *a pardon from the governor stating that such pardon is issued on the ground of innocence of the crime for which he was sentenced.*" (Added by L. 1942, ch. 442, eff. April 13, 1942. Emphasis supplied.)

In 1946, the Code of Criminal Procedure was amended by adding section 697, entitled, " Setting aside judgment of conviction and dismissing indictment, information or complaint

in case of pardon of defendant on ground of innocence ", provides: "Upon motion duly made therefor, the judgment of conviction must be set aside and the indictment, information or complaint dismissed by the court in which the defendant was convicted, in a case where the defendant shall receive *a pardon from the governor stating that such pardon is issued on the ground of innocence of the crime for which he was convicted and further stating that such finding of innocence is based upon evidence discovered after the judgment of conviction was rendered and after the time within which to make a motion for a new trial on newly discovered evidence had expired.* Such setting aside of a judgment of conviction and dismissal of an indictment, information or complaint against a defendant shall place the defendant in the same position as if the indictment, information or complaint had been dismissed at the conclusion of the trial by the court because of the failure to establish the defendant's guilt beyond a reasonable doubt." (Added by L. 1946, ch. 60, eff. Feb. 28, 1946. Emphasis supplied.)

Here, the pardon of the defendant of 1933 merely states that "he being represented unto us as a fit object of our mercy; " it does *not* state that it was issued on the ground of innocence of the crime for which he was convicted based upon after-discovered evidence. Therefore, section 697 of the Code of Criminal Procedure does not apply to this pardon.

In a recent a fortiori case decided by our highest court in 1941, involving somewhat similar facts, the question certified was: "Was the relator legally sentenced as a second offender? ", which was answered in the affirmative, the court saying: "We conclude that a presidential pardon, even if granted because the President is satisfied that the convicted person is innocent, is an act of grace which does not obliterate the finding of guilt." (*People ex rel. Prisament* v. *Brophy,* 287 N. Y. 132, 135, 140, certiorari denied *sub nom. New York ex rel. Prisament* v. *Brophy,* 317 U. S. 625.) Of course, it should be noted that the new code section 697 refers to a Governor's pardon only and not to a President's pardon.

This court is without power to limit or enlarge the effect of a Governor's pardon. It follows that the motion should be denied.

Motion denied. Prepare and submit order accordingly.