Roger J. Miner, J.
Petitioner seeks an order pursuant to CPLR article 78 directing the respondents to consider her clemency petition. Respondents move to dismiss the petition in point of law.
On May 20, 1975 petitioner was sentenced in the Supreme Court, Kings County, to a mandatory term of six years to life upon conviction for certain crimes involving the possession and sale of controlled substances. She has been confined at the Bedford Hills Detention Center since June of 1975.
Several requests for clemency consideration were addressed to the Governor on behalf of the petitioner. Acting on behalf of the Governor, the Executive Clemency Bureau has taken the position that the petitioner has not met the eligibility requirements for executive clemency consideration since she has not yet served one half of her minimum sentence. This position is predicated upon certain guidelines adopted by the Governor for review of clemency applications. The guidelines provide, in part, as follows: "Absent an exceptional and compelling circumstance, a commutation of a sentence of imprisonment will be considered only if: (1) the inmate’s term or minimum period of imprisonment is more than one year; (2) he had served at least one-half of his minimum period of imprisonment; and (3) he is not eligible for release on parole in the discretion of the Board of Parole.”
*277 Petitioner seeks to compel a consideration of her application upon a showing of "exceptional and compelling” circumstances. She notes that commutations have been granted in various instances to persons who have served less than one half their term. She claims that the Governor, in failing to give consideration to her application, has not followed the clemency guidelines which he has established.
There are many factors present which seem to favor commutation: the petitioner is 29 years of age, divorced and the mother of a six-year-old child; the sentencing Judge has stated that he would have imposed a less severe sentence but for the mandatory sentencing laws; the penalty seems unduly harsh in the light of petitioner’s degree of participation in the crime; she has compiled an excellent record while incarcerated; her parole officer at the correctional facility recommends her release; many persons in the community favor clemency; and it appears that further incarceration would be of no benefit to petitioner or to society.
However, the power to grant reprieves, commutations and pardons is conferred upon the Governor to grant "upon such conditions and with such restrictions and limitations, as he may think proper”. (NY Const, art IV, §4; Executive Law, § 15.) "The exercise of the Governor’s discretion and power to grant commutations, unless illegal or impossible conditions are attached, is not subject to judicial review, or an examination to determine whether he acted under a statute or otherwise.” (Vanilla v Moran, 272 App Div 859, affd 298 NY 796.)
The adoption of the guidelines by the Governor is well within his constitutional power. No illegal or impossible conditions are specified in the guidelines. Obviously, it has been determined by the Governor, through the Executive Clemency Búreau, that no exceptional and compelling circumstances have been demonstrated by petitioner so as to justify deviation from the guideline requirement that one half the minimum sentence must be served before clemency will be considered. The fact that commutation has been granted in other cases where exceptional and compelling circumstances have been found is of no assistance to petitioner, since commutation is a matter of grace and not of right. (Roberts v State of New York, 160 NY 217.)
Moreover, it is well settled that mandamus will issue only to compel performance of an official duty clearly imposed by law and is limited to the enforcement of clear legal rights. (23 *278 Carmody-Wait 2d, NY Prac, §§ 145:112, 145:113.) Petitioner has failed to demonstrate, as a matter of law, such a clear right and the relief which she seeks by way of mandamus must be denied.
Submit order granting motion to dismiss.