██ In the Matter of MARKEITH BOYD, Appellant, v GEORGE PATAKI, as Governor of the State of New York, et al., Respondents. [860 NYS2d 313]—

Appeal from a judgment of the Supreme Court (Zwack, J.), entered June 19, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Governor denying his request for executive clemency.

Petitioner, currently serving an aggregate term of 25 to 50 years for robbery in the first degree, applied for executive clemency in November 2005 seeking commutation of his sentence. In conjunction therewith, petitioner mistakenly was provided with a copy of the clemency summary report prepared by the superintendent of the facility at which he was incarcerated. Upon reviewing that report, petitioner allegedly discovered certain inaccuracies. When his efforts to correct the asserted errors proved unsuccessful and his bid for clemency was denied, petitioner commenced this proceeding pursuant to CPLR article 78 seeking, among other things, to vacate the denial of his request for executive clemency and an order directing the preparation of a corrected clemency summary report. Supreme Court dismissed the petition, and this appeal by petitioner ensued.

We affirm. "[T]he power to grant reprieves, commutations and pardons is conferred upon the Governor to grant upon such conditions and with such restrictions and limitations, as he may think proper" (*Sturnialo v Carey*, 90 Misc 2d 275, 277 [1977] [internal quotation marks and citations omitted]), and the exercise of such discretion and power, "unless illegal or impos-

sible conditions are attached, is not subject to judicial review" (*Vanilla v Moran*, 272 App Div 859, 859 [1947], *affd* 298 NY 796 [1949]). Inasmuch as petitioner failed to allege, much less demonstrate, that such conditions are present here, the denial of his application for clemency is not reviewable and, as such, the petition was properly dismissed. Moreover, the Attorney General advises that during the pendency of this appeal, petitioner again applied for executive clemency and a new clemency summary report was generated. Thus, to the extent that petitioner challenges the contents of the initial clemency summary report, even if he had properly exhausted his administrative remedies (*see* 7 NYCRR 5.50-5.52), his claim has been rendered moot.

Mercure, J.P., Spain, Rose, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.