Matter of Brown v New York State DOCCS, Exec. Clemency Bur. (2025 NY Slip Op 03850)

Matter of Brown v New York State DOCCS, Exec. Clemency Bur.

2025 NY Slip Op 03850

Decided on June 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 26, 2025

CV-24-0699
[*1]In the Matter of Byron K. Brown, Appellant,
v
New York State DOCCS, Executive Clemency Bureau, Respondent.

Calendar Date:June 5, 2025

Before:Clark, J.P., Pritzker, Lynch, Ceresia and Fisher, JJ.

Byron K. Brown, Ossining, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the Supreme Court (Thomas Marcelle, J.), entered March 5, 2024 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding that petitioner was ineligible for executive clemency.
Petitioner was convicted of murder in the first degree in 1998 and was sentenced to a prison term of life without the possibility of parole (People v Brown, 285 AD2d 472 [2d Dept 2001], lv denied 96 NY2d 916 [2001]). Petitioner was advised in 2018 that he was ineligible for executive clemency (see Executive Law § 15) because he was serving a life sentence with no minimum period of incarceration (see Guidelines for Review of Executive Clemency Applications, 
https://doccs.ny.gov/system/files/documents/2022/01/greca-12-21.pdf [last accessed June 4, 2025]). In mid-2023, petitioner submitted another application for executive clemency to both the Governor and respondent. The Governor had not yet responded to petitioner's clemency application when respondent, by correspondence dated July 11, 2023, again advised petitioner that he was ineligible for clemency because he was serving a life sentence with no court-imposed minimum.
Shortly thereafter, by correspondence dated July 25, 2023, petitioner wrote to the Governor's counsel requesting reconsideration of his clemency application, relying upon language then existing in Department of Corrections and Community Supervision Directive No. 6901 (effective Jan. 11, 2022), which provided that, "[n]otwithstanding the aforementioned eligibility criteria, requests for executive clemency may be considered when the applicant is able to demonstrate that, for humanitarian reasons, such consideration is warranted."[FN1] Again, no apparent reply from the Governor was forthcoming. Petitioner, who conceded that he was otherwise ineligible for executive clemency in the form of commutation of his sentence, thereafter commenced this proceeding pursuant to CPLR article 78 seeking to compel respondent to process his clemency application upon humanitarian grounds. By judgment entered March 5, 2024, Supreme Court dismissed petitioner's application, prompting this appeal.
Although respondent effectively acts as a clearinghouse for clemency applications (see generally Matter of Marino v Rosa, 55 AD3d 1173, 1174 [3d Dept 2008]; Dept of Corr & Community Supervision Directive No. 6901, 
https://doccs.ny.gov/system/files/documents/2025/01/6901.pdf [last accessed June 4, 2025]), "[t]he power to grant reprieves, commutations and pardons is conferred upon the Governor to grant upon such conditions and with such restrictions and limitations, as he [or she] may think proper, and the exercise of such discretion and power, unless illegal or impossible conditions are attached, is not subject to judicial review" (Matter of Boyd v Pataki, 52 AD3d 1128, 1128-1129 [3d Dept 2008] [internal quotation marks, brackets and citations omitted]; see Executive Law[*2]§ 15). Stated differently, whether to grant a clemency application is a matter committed to the sole discretion of the Governor.
To the extent that the petition seeks vacatur of respondent's July 11, 2023 denial of his clemency application, the foregoing makes clear that the Governor alone is vested with the discretion to address the merits of petitioner's bid for clemency. To the extent that the petition may be read as faulting respondent for failing to process his clemency application under the then-existing humanitarian grounds, three points are worth noting. First, petitioner's clemency application makes no mention of his eligibility under the relevant guidelines and neither references nor invokes the humanitarian grounds set forth in the former version of Directive No. 6901. Additionally, although petitioner's July 2023 letter indeed requested "humanitarian consideration review," that letter was addressed to the Governor's counsel, not respondent, and, as Supreme Court aptly observed, respondent hardly can be faulted for failing to complete a task petitioner never actually asked it to undertake. Finally, and contrary to petitioner's assertion, he "has no constitutional or inherent right to commutation of his sentence" (Connecticut Bd. of Pardons v Dumschat, 452 US 458, 464 [1981] [internal quotation marks and citation omitted]) and, hence, he has no protected liberty interest in the manner in which his clemency application is reviewed or processed (see id. at 463-467). In other words, because Executive Law § 15 and the relevant guidelines provide for nothing more than the mere possibility of clemency, no protected liberty interest is triggered (cf. Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 75-76 [1980]). Accordingly, Supreme Court properly dismissed the petition.
Clark, J.P., Pritzker, Lynch and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: In February 2024, Directive No. 6901 was revised to omit the humanitarian reasons language. The current version of the directive provides that, "[n]otwithstanding the aforementioned eligibility criteria, requests for executive clemency may be considered when the applicant is able to demonstrate that such consideration is warranted" (Dept of Corr & Community Supervision Directive No. 6901, 
https://doccs.ny.gov/system/files/documents/2025/01/6901.pdf [last accessed June 4, 2025]).